Receipt number 9998-4179316

FILED

Sept 12 2017

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BONNIE CLARK GOMEZ and
JORGE L. GOMEZ,
    v.

THE UNITED STATES

No.   17-1232L

Judge _____

COMPLAINT FOR DAMAGES

    Plaintiffs, Bonnie Clark Gomez and Jorge L. Gomez, complain of actions by the United States of America through the U.S. Army Corps of Engineers (sometimes hereinafter referred to as "Defendant," "Defendants," "Government," or "Corps") and shows the following:

Parties

    1.    Plaintiffs, Bonnie Clark Gomez and Jorge L. Gomez, are U.S. citizens and persons of the full age and majority, residing in and who have resided in Harris County, State of Texas.

    2.    Defendant, The United States of America, through the actions of the U.S. Army Corps of Engineers.

Jurisdiction and Venue

    3.    This action arises under the Fifth Amendment of the Constitution of the United States of America as plaintiffs claim a constitutional taking of property without just compensation.

    4.    Plaintiffs seek just compensation in excess of $10,000 as damages are likely to exceed $350,000.

5. Plaintiffs are property owners in the State of Texas, and the claims arose in the United States, specifically Texas. The claims and property taken and/or negatively impacted are in Harris County Texas.

Facts

6. On August 25, 2017, Hurricane Harvey, a category-4 hurricane, made landfall on the Texas coast, bringing torrential rainfall, high winds, and widespread flooding.

7. Over 40 inches of rainfall fell on Houston in the next several days, with the Harris County Flood Control District estimating that over a trillion gallons of water fell on the county in just four days.

8. Although many thousands had been flooded and damaged by Harvey, Plaintiffs' house did not flood during the Harvey rainfall.

9. The Addicks and Barker reservoirs are part of a flood control system on the west side of Houston, Texas.

10. The reservoirs and dams are owned and operated by the U.S. Army Corps of Engineers and were designed specifically to protect downtown Houston from catastrophic flooding after a major flood inundated the City in 1935.

11. These two reservoirs and dams are located on Houston's west side and are designed to store and release accumulated water into creeks near the dams and eventually into Buffalo Bayou to help prevent flooding to downstream neighborhoods, downtown Houston, and the Houston shipping channel.

12. Addicks and Barker function as "dry reservoirs," meaning the dams stay open and water is allowed to flow freely until heavy rainfall. Once the system's flood gauges reach certain

levels, the dams' floodgates close and they begin to fill to prevent the overflow of uncontrollable water in the Bayou.

13. While the dams initially took on hundreds of acre-feet of water from Hurricane Harvey, the Corps made clear that if the reservoirs' water levels rose to a certain point, they would begin releasing water rather than risk losing either dam entirely.

14. As Harvey poured rain on Houston, the Corps claimed that the Addicks and Barker reservoirs were filled to near-peak capacity as of August 27, 2017.

15. On August 28, 2017, the Corps announced they would open the floodgates at both Addicks and Barker dams. Col. Lars Zetterstrom, the Corps' Galveston district commander, explained the purposes of the intentional releases: "if we don't begin releasing now, the volume of uncontrolled water around the dams will be higher and have a greater impact on the surrounding communities."

16. The Corps acknowledged on August 28, 2017 that the homes in the Buffalo Bayou area would be affected, stating that, "according to Corps models, at this rate, the first home in Addicks Reservoir will be impacted in 2 to 4 hours and the first home in Barker Reservoir will be impacted later this morning."

17. On August 28, 2017, the Corps began releasing water from both Addicks and Barker.

18. The Corps opened the floodgates slowly at first, and then released 7,500 cubic feet of water per second (cfs) from Barker dam, and 6,300 cfs from Addicks, intentionally flooding thousands of home below the dams, choosing to sacrifice some homes for what it determined to be the greater public good.

19. As both reservoir gates opened and released storm water into the Buffalo Bayou, adjacent neighborhoods and roadways that were not otherwise flooded became inundated with water.

20. Plaintiffs, Bonnie Clark Gomez and Jorge L. Gomez own a single-family home located at 12958 Hermitage Lane in the Memorial Glen Subdivision.

21. Their home is near the Addicks and Barker reservoirs.

22. Plaintiffs' house has historically never flooded, and has not flooded since they purchased the house in 2002.

23. The damage to the property of the plaintiffs was the natural, direct, and probable consequence of the Defendants' actions and would not have occurred but for the Defendants' actions.

24. Because the Corps abruptly made the decision to release the water from the dams, Plaintiffs were largely unable to mitigate the damage to their real and personal property from the intentional flooding.

25. As a result of the taking, Plaintiffs have suffered damage to personal property, such as personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of Plaintiffs' real property resulting from the Corps' decision to appropriate Plaintiffs' property as a flooding easement.

## Damages Sought

26. As a direct and proximate result of the Defendants' unconstitutional taking without just compensation to Plaintiffs for their property, due to the flooding caused by the

Defendants' actions, Plaintiffs are entitled to and seek just compensation and all damages permitted by law and determined at trial.

27. Plaintiffs are also entitled to and seek to recover all their reasonable and necessary attorneys' fees, litigation expenses, and court costs as permitted by law.

WHEREFORE, Plaintiffs, Bonnie Clark Gomez and Jorge L. Gomez, request that this Court declare (a) that the United States has taken the Plaintiffs' property, both real and personal, (b) that the United States did not provide just compensation for the taking, (c) that the United States must provide just compensation, and to determine and order the United States pay the just compensation to Plaintiffs, as well as pay the attorneys' fees and costs associated along with granting all other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Eric R. Nowak
Eric R. Nowak (LA #27025) *admitted to this Court*
HARRELL & NOWAK, LLC
650 Poydras St., Suite 2107
New Orleans, Louisiana  70130-6101
Telephone:  (504) 522-7885
Facsimile:  (504) 528-3131
enowak@hnjustice.com
  and
Jorge L. Gómez (TX #00793825) *not yet admitted to appear before this Court*
GOMEZ LAW FIRM
1613 Witte Road
Houston, TX 77080
Telephone: (713) 868-5528
Facsimile: (713) 868-4159
jlg@gomezlawfirm.com
  and

Matías J. Adrogué (TX #24012192) *not yet admitted to appear before this Court*
Leila M. El-Hakam (TX #24007147) *not yet admitted to appear before this Court*
MATÍAS J. ADROGUÉ
PROFESSIONAL LIMITED LIABILITY COMPANY
1629 West Alabama St.
Houston, Texas 77006
Telephone: (713) 425-7270
Facsdimile: (713) 425-7271
service@mjalawyer.com

**Attorneys for Plaintiffs**